UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ANA MORETA AND AMINE HAMMAMI,

                    Plaintiff,

        -against-

EL BADIA LIVE POULTRY INC. AND
MOUFID LNU,

                    Defendants.
------------------------------------------------------------------------X

Case No.:

COMPLAINT
JURY TRIAL DEMANDED

Ana Moreto and Amine Hammami, Plaintiffs, by and through their attorney, Heriberto Cabrera of the law firm of Heriberto *A. Cabrera & Associates*, as and for his Complaint against El Badia Live Poultry Inc. and Moufid LNU ("Defendants"), respectfully allege as follows:

## INTRODUCTION

1. This is a suit to recover unpaid overtime and spread of hours compensation from the Defendants, pursuant to New York State Labor Law Sections 190 *et seq* ("NYSLL") and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

2. This action seeks unpaid overtime wages, minimum wages, spread of hours, liquidated damages, notice violations, reasonable attorney's fees, costs, and pre- and post-judgment interest for Defendants' willful failure to pay overtime, minimum wages and spreads of hours, inter alia, to Plaintiffs, Ana Moreto and Amine Hammami ("Plaintiffs").

3. Plaintiffs demand a jury trial on all issues that may be tried by a jury.

## PARTIES

4. Plaintiff, Amine Hammami (hereinafter "Hammami"), is a resident of Kings County, New York, and, he was an employee of Defendants at the El Badia Halal Live Poultry, Inc., located at 4113 2nd Avenue, Brooklyn, New York, 11232. He worked as a butcher in this location.

5. Plaintiff, Ana Moreto (hereinafter "Moreto"), is a resident of Kings County, New York, and, she was an employee of Defendants at the El Badia Halal Live Poultry, Inc., located at 4113 2nd Avenue, Brooklyn, New York, 11232. She worked as a maintenance worker.

6. Upon information and belief, El Badia Halal Live Poultry, Inc., is a domestic corporation doing business within the State of New York, County of Kings, and has a principal place of business in Kings County State and City of New York and more specifically located at 4113 2nd Avenue, Brooklyn, New York, 11232.

7. Upon information and belief, El Badia Halal Live Poultry, Inc. is at present and has been at all times relevant to the allegations in this Complaint been an enterprise engaged in interstate commerce within the meaning of FLSA Section 203(b) in that it has and has had employees engaged in interstate commerce or in production of goods for interstate commerce as well as handle, sell, or otherwise work on goods or materials that have been moved in or produced for interstate commerce by any person; and they have each had annual gross volume sales of not less than $500,000.

8. El Badia Halal Live Poultry, Inc. is an "employer" within the meaning of 29 U.S.C. Section 203(d) and NYSLL Section 190(3) that runs and profits from a restaurant located at 4408 5th Avenue, NY 11220, where Defendants controlled the terms, conditions and pay practices relating to the Plaintiffs.

9. Upon information and belief, Defendant, Moufid LNU, is an individual and a natural citizen doing business within the State of New York, County of Kings, and has a principal place of business in Kings County, City and State of New York and more specifically located at 4113 2nd Avenue, Brooklyn, New York, 11232.

10. Upon information and belief, Defendant, Moufid LNU, is the owner

and/or supervisor of employees of the Corporate Defendant.

11. Upon information and belief, Defendant, Moufid LNU, is an individual who maintains his principal place of business in Brooklyn, NY and serves as a principal manager and/or substantially controls the operations of Defendants, El Badia Halal Live Poultry, Inc., through which he acted as an employer, as understood by the FLSA and NYSLL, of the Plaintiffs by controlling the terms and conditions and pay practices related to the Plaintiffs' work.

12. Plaintiffs were "employees" of Defendants, within the meaning of 29 U.S.C. Section 203(e)(1) and NYSLL Section 190(2).

## JURISDICTION AND VENUE

13. This court has subject matter jurisdiction over Plaintiffs' Fair Labor Standards Act ("F.L.S.A.") claims pursuant to 28 U.S.C. § 1331 and § 1337 and supplemental jurisdiction over Plaintiffs' NYSLL claims pursuant to 28 U.S.C. § 1367.

14. This Court also has jurisdiction over Plaintiffs' F.L.S.A. claims pursuant to 29 U.S.C. § 201 et seq. and in particular, 29 U.S.C. § 216(b).

15. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 because this action concerns wages and hours violations that occurred within the Judicial District and all parties reside in and/or conduct business within the Judicial District.

## FACTS

16. At all times relevant to this Complaint, Plaintiffs received payments from Defendants and was economically dependent on Defendants in regards to making their living.

17. Defendants had the power to hire and fire employees, including Plaintiffs.

18. Defendants supervised and controlled Plaintiffs' work schedule and/or conditions of employment.

19. Defendants, through his agents, determined the rate and method of payment of Plaintiffs' wages.

20. Plaintiff, Amine Hammami, worked for Defendants as a butcher at the El Badia Halal Live Poultry, Inc. located at 4113 2nd Avenue, Brooklyn, New York 11232, from approximately November, 2016 until February 26, 2021.

   a. Plaintiff, Hammami, worked at said location 6 days per week for shifts that were routinely 11 hours in a single day from approximately November 2016 through February 26, 2021.
   b. Plaintiff's starting salary was $450.00 a week. Starting 2017, his salary was raised to $500.00 weekly. From on or about the beginning of 2018 until 2019, his salary was raised to $550.00. In 2020 until his last day of work being February 26, 2021, his salary was $600.00 weekly.
   c. During the period of his employment with Defendants, Plaintiff, Amine Hammami, was paid under the legal minimum wage permitted by law.

21. Plaintiff, Ana Moreta worked for Defendants as a maintenance worker at the El Badia Halal Live Poultry, Inc. located at 4113 2nd Avenue, Brooklyn, New York 11232, from approximately March 8, 2017 until November 20, 2020.

   a. Plaintiff Moreta worked at said location 6 days per week for shifts that were routinely 12 hours in a single day from approximately March 8, 2017 through November 20, 2020.
   b. Plaintiff's salary was as follows:
      i. $420.00 from March 8, 2017 – June 6, 2017
      ii. $450.00 from June 7, 2017 – September 5, 2017
      iii. $510.00 from September 6, 2017 – December 5, 2017

iv. $600.00 from December 6, 2017 – March 17, 2020
v. $300.00 and $400.00 every other week following March 18, 2020 until on or about November 3, 2020.
c. During the period of her employment with Defendants, Plaintiff, Ana Moreta, was paid under the legal minimum wage permitted by law.

22. Plaintiffs did not exercise any discretion over his tasks or over any significant aspects of the manner the Defendants ran their restaurants. Nor did Plaintiffs have control over the manner they could execute the tasks assigned to him.

23. Plaintiffs routinely worked over 40 hours per week without receiving a premium on pay for hours worked in excess of 40 hours a week.

24. Defendants routinely required Plaintiffs to work hours that were not recorded on the Defendants' time sheets.

25. Defendants never paid Plaintiffs a premium for any hours worked over 40 in a single work week.

26. Plaintiffs never received time off, vacations nor meal breaks.

27. Upon information and belief, Defendants kept and/or allowed to be kept inaccurate records of the hours worked by Plaintiffs.

28. Defendants failed to adequately and accurately disclose and/or keep track of the number of hours Plaintiffs worked during the day, the total hours Plaintiffs worked during the week and/or the total amount of overtime hours worked each week.

29. If Plaintiffs' hours had been properly documented and calculated, then the Plaintiffs' total amount of hours worked would have triggered payment calculated at premium overtime rate well in excess of the amount of money actually paid to Plaintiffs by the Defendants.

30. Defendants' policy and practice was to be deliberately and/or willfully indifferent to

the amount of regular wages and overtime wages that Plaintiffs were entitled to under the law.

31. At all times, Defendants' policy and practice in regards to paying wages to Plaintiffs has been willful in its violation of the relevant federal and state labor laws.

## FIRST CAUSE OF ACTION

*Failure to Pay Overtime Wages (Federal)*

32. Plaintiffs re-allege paragraphs 1-31 of this Complaint as if set forth fully herein.

33. Plaintiffs were non-exempt employees of the Defendants as understood by the FLSA at all relevant times.

34. At all relevant times, Plaintiffs were not paid time and a half based on their regular hourly rate of pay for any and all hours worked in excess of 40 hours per week in violation of 29 U.S.C. § 207.

35. Plaintiffs routinely worked hours in excess of 40 hours per week.

36. Said failure to pay was willful within the meaning of 29 U.S.C. § 260.

37. Thus, pursuant to 29 U.S.C. § 216(b), Plaintiffs are entitled to back pay for unpaid overtime wages, in an amount to be determined at trial, liquidated damages, reasonable attorneys' fees, and costs.

## SECOND CAUSE OF ACTION

*Failure to Pay Overtime (State)*

38. Plaintiffs re-allege paragraphs 1-35 of this Complaint as if set forth fully herein.

39. Plaintiffs were employed by the Defendants within the meaning of the New York State Labor Law §§ 2(7) and § 190(2).

40. Defendants failed to pay Plaintiffs' overtime wages at a rate at least one and a half times his regular rate of pay for each hour worked in excess of forty hours per week.

41. Plaintiffs routinely worked hours in excess of 40 hours per week.

42. Defendants' failure to pay overtime wages to Plaintiffs violated New York Labor Law which requires employers pay employees overtime for hours worked in excess of 40 hours per week at the rate of one and a half times the employee's regular hourly wage or the prevailing minimum wage (whichever is greater).

43. Said violations have been willful within the meaning of New York State Labor Law § 198(1-a).

44. Thus, Plaintiffs are entitled to recover from Defendants unpaid overtime wages in an amount to be determined at trial, and an amount equal to those unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees, costs of this action and pre-judgment interest.

### THIRD CAUSE OF ACTION

*Failure to Pay Minimum Wages (Federal)*

45. Plaintiffs re-allege paragraphs 1-42 of this Complaint as if set forth fully herein.

46. Plaintiffs were non-exempt employees of the Defendants as understood by the FLSA at all relevant times.

47. At all relevant times, Plaintiffs were paid below the controlling minimum wage required by state and federal law.

48. Said failure to pay was willful within the meaning of 29 U.S.C. § 260.

49. Thus, pursuant to 29 U.S.C. § 216(b), Plaintiffs are entitled to back pay for unpaid minimum wages, in an amount to be determined at trial, liquidated damages, reasonable attorneys' fees, and costs.

**FOURTH CAUSE OF ACTION**

*Failure to Pay Minimum Wages (State)*

50. Plaintiffs re-allege paragraphs 1-47 of this Complaint as if set forth fully herein.

51. Plaintiffs were a non-exempt employee of the Defendants as understood by the NYSLL at all relevant times.

52. At all relevant times, Plaintiffs were paid below the controlling minimum wage required by New York State law.

53. Said failure to pay was willful, deliberate and/or reckless without any good faith basis.

54. Thus, pursuant to Section 663(1) of the New York Minimum Wage Act, Plaintiffs were entitled to back pay for unpaid minimum wages, in an amount to be determined at trial, liquidated damages, reasonable attorneys' fees, and costs.

**FIFTH CAUSE OF ACTION**

*Failure to Provide Wage Notices & Wage Statements (State)*

55. Plaintiffs re-allege paragraphs 1-54 of this Complaint as if set forth fully herein.

56. Defendants at all times failed to provide Plaintiffs with any and all wage notices and/or wage statements that Defendants were obligated to provide to Plaintiffs pursuant to NYSLL, particularly the New York State Wage Theft Prevention Act.

57. The Defendants' failure to provide Plaintiffs with the aforementioned notices and statements were willful and malicious and/or reckless and/or negligent.

58. Thus, Plaintiffs are entitled to statutory damages and attorney's fees for such failures by Defendants and such other relief as this Court deems just and proper.

## SIXTH CAUSE OF ACTION

*Failure to Pay Spread of Hours (State)*

59. Plaintiffs re-allege paragraphs 1-58 of this Complaint as if set forth fully herein.

60. Defendants have not paid Plaintiffs their dues additional hour of pay for shifts where Plaintiffs worked in excess of 10 hours as required by NYSLL while making less than or at minimum wage.

61. Such failure to pay was willful within the meaning of NYSLL § 198(1-a).

62. Defendant's willful and intentional failure to pay the spread of hours violates the New York State Code of Rules and Regulations, Title 12, § 142-2.4, which requires employers to pay an additional hour at minimum wage when an employee works in excess of 10 hours in a single day.

63. Plaintiffs are entitled to compensatory damages for Defendants' failure to pay the required spread of hours for each day they worked more than 10 hours, as well as liquidated damages, reasonable attorney's fees, costs and prejudgment interest.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that this Court grant the following relief:

    a.    A declaration that the Defendants' acts and practices complained of herein are willful violations with the meaning of 29 U.S.C. § 260 and NYSLL § 198(1-a).

b.  Directing Defendants to make Plaintiffs whole for all unpaid overtime wages, minimum wages and spread of hours pay due as a consequence of Defendant's violation of FLSA and NYSLL;

c.  Directing Defendants to pay Plaintiffs an additional amount of liquidated damages as provided for in 29 U.S.C. § 216(b) and NYSLL § 198(1-a).

d.  Awarding Plaintiffs, the costs of this action together with reasonable attorneys' fees, as provided in 29 U.S.C. § 216(b) and NYSLL § 198(1-a).

e.  Awarding Plaintiffs pre- and post-judgment interest as provided for in NYSLL § 198(1-a), and;

f.  Award Plaintiffs statutory damages pursuant to NY State Labor Law wage notification requirements, and;

g.  Awarding Plaintiffs such other and further relief as this Court may deem just and proper.

## **DEMAND FOR A JURY TRIAL**

Plaintiffs demand a trial by jury as to all issues in the above matter.

Dated: June 3, 2021
Brooklyn, New Yok

**HERIBERTO A. CABRERA & ASSOCIATES**

 */s/ Heriberto A. Cabrera*
Heriberto Cabrera, Esq.
*Attorney for Plaintiff*
480 39th Street, 2nd Floor
Brooklyn, NY 11232
Tel: 718-439-3600
Fax: 718-439-1452